In re Robert M. **GUILTINAN**, Debtor.

**NORWOOD FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation organized under the laws of the United States, Plaintiff,**

v.

**Robert M. GUILTINAN, an individual debtor; and Martin Goldberg, interim trustee, Defendants.**

Bankruptcy No. 84–5572–P7.

Adv. No. C85–0599–LM7.

United States Bankruptcy Court, S.D. California.

March 18, 1986.

Jon R. Lauer, Wied & Smelko, San Diego, Cal., for defendants.

Michael L. Crowley, San Diego, Cal., for plaintiff.

Martin Goldberg, San Diego, Cal., trustee.

### MEMORANDUM OF DECISION RE: MOTION FOR AWARD OF ATTORNEYS FEES

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

Debtor, Robert M. Guiltinan, has brought a motion for an award of attorneys fees as against Norwood Federal Savings And Loan Association ("Norwood Federal") and its attorneys pursuant to Bankruptcy Rule 9011 and 28 U.S.C. § 1927.

Guiltinan filed a Chapter 7 proceeding on December 31, 1984. Norwood Federal was listed as a creditor in his proceeding and duly noticed. On April 12, 1985, Norwood Federal filed a complaint entitled "Complaint Objecting To Discharge," claiming, "This is an action under 11 U.S.C. § 727(c) objecting to discharge based on the provisions of 11 U.S.C. §§ 523(a)(2), (4) and (6)."

The complaint proceeded to allege the pendency of a lawsuit in the District Court in which the debtor was not named as a defendant, but in which the debtor was alleged to be "an aider and abettor and conspirator" as a director of the now-defunct San Marino Savings And Loan Association. The remaining allegations concern the supposed participation of the debtor in schemes of self-dealing, selling securities without permits, mail fraud, wire fraud and bank fraud. The complaint sought to bar Guiltinan from a discharge of all of his debts.

Guiltinan moved to dismiss the complaint under FRCP 12(b)(6) and B.R. 7012(b) on the grounds that the complaint failed to state a claim upon which relief could be granted since it failed to allege any of the exclusive statutory grounds for relief specified under 11 U.S.C. § 727(c). A lengthy memorandum of law was submitted in support of the motion and when it was unopposed by plaintiff, the Court determined the motion was well-taken and granted it.

Guiltinan now seeks reimbursement of $3,217 in legal fees he was required to pay his counsel to defend the complaint objecting to discharge. Norwood Federal and its counsel resist claiming that Guiltinan's conduct could have been the subject of a complaint objecting to non-dischargeability under 11 U.S.C. § 523(a)(2), (4) and (6) and that sanctions are inappropriate since the Court cannot find that the complaint was filed for improper purposes. Interestingly, the Declaration of Mr. Michael L. Crowley, counsel for Norwood Federal, states:

I explained to counsel for the debtor, Robert M. Guiltinan, that Plaintiff NORWOOD FEDERAL SAVINGS AND LOAN ASSOCIATION would be amenable to a dismissal of the suit if Guiltinan would answer questions concerning his role as a director at San Marino Savings and California Heritage Bank.

\* \* \* \* \* \*

... [C]ounsel for Norwood once again made the offer that if debtor Guiltinan provided the information concerning his

role as a director of San Marino Savings and California Heritage Bank, the complaint would be dismissed.

In oral argument, Crowley repeated his assertion that Norwood Federal filed its complaint to obtain the debtor's cooperation in providing information to Norwood Federal in the prosecution of its District Court lawsuit.

## ISSUE

Is the award of attorneys fees as sanctions appropriate under either B.R. 9011 or 28 U.S.C. § 1927?

## DISCUSSION

Under the "American Rule" attorneys fees are not recoverable by a litigant. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). An exception is made where the losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons...." *Id.* at 258–59, 95 S.Ct. at 1622. (citations omitted) Fees may be assessed against a party and his attorney under the court's inherent powers. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980).

Statutory authority also exists for the imposition of fees. Fees may be assessed against an attorney and his client under B.R. 9011(a) which is a derivative of Rule 11, Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 11 and B.R. 9011(a) read in part:

The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information and belief formed after reasonable inquiry, it is well ground in fact and is warranted by existing law or a good faith argument for the extention, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, cause delay, or to increase the cost of litigation. If a document is signed in violation of this rule, the court on motion or on its own initia-

tive, shall impose on the person who signed it, the represented party, or both, and appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

The text of the rule, as amended in 1983, seeks to ensure that signed pleadings not only have a ·valid factual basis and legal basis, but also serve a legitimate purpose. See e.g., W. Schwarzer, *Sanctions Under The New Federal Rule 11—A Closer Look*, 104 F.R.D. 181 (1985). The new rule is more stringent than its predecessor and is intended "to reduce the reluctance of courts to impose sanctions." Notes of Advisory Committee on Rules. An attorney can no longer claim that he acted in good faith or was not aware of the groundless nature of the argument or claim. *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir.1985). He must make a "pre-filing inquiry into both the facts and law to satisfy the affirmative duty imposed by the rule." Notes of Advisory Committee on Rules.

Sanctions may also be imposed where a pleading, although well grounded in fact and law, is filed for improper purpose. *Id.* at 254. For example, in *In re Bayport Equities Corp.*, 36 B.R. 575, 11 BCD 671 (Bankr.C.D.Cal.1983), the debtor's attorney filed multiple Chapter 11 petitions to delay foreclosure on a single parcel of property. Although the petitions were well grounded in fact and law, the court held that the Chapter 11 petitions were filed for improper purpose, i.e., to cause delay, and sanctions were imposed upon the debtor and its attorney.

The failure to comply with B.R. 9011 gives rise to sanctions independent of fees and costs incurred. See, generally, *Dore v. Schultz*, 582 F.Supp. 154 (D.C.N.Y.1984). Therefore, the court may tailor the punishment to fit the "crime". Trial courts are afforded little discretion in the enforcement of B.R. 9011/Rule 11. *Eastway* at 254.

"Rule 11 is clearly phrased as a directive. Accordingly, where the strictures of the rule have been transgressed, it is incumbent upon the district court to fashion proper sanctions." *Id.* at n. 7. Sanctions may be imposed against both an attorney and his client, or a party appearing *pro se.* Notes of Advisory Committee on Rules.

Under 28 U.S.C. § 1927, the court's power is limited to the assessment of the fees and costs incurred. *U.S. v. Blodgett,* 709 F.2d 608, 610 (9th Cir.1983). 28 U.S.C. § 1927 provides:

> Any attorney or other person in any court of the United States ... who so multiplies a proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys fees reasonably incurred because of such conduct.

Furthermore, § 1927 applies to the errant attorney (or parties appearing *pro se* ) and not his client. *Roadway Express,* 447 U.S. at 772, 100 S.Ct. at 2467. (Burger, C.J., dissenting); *Chrysler Corp. v. Lakeshore Comm. Finance Corp.,* 389 F.Supp. 1216, 1224 (D.C.E.D.Wis.1975), *aff'd.* 549 F.2d 804 (7th Cir.1977), citing *1507 Corp. v. Henderson,* 447 F.2d 540, 542 (7th Cir. 1971).

The legislative history of § 1927 indicates the statute was first enacted in 1813 "to prevent the multiplicity of suits or processes, where a single suit or process might suffice...." *Roadway,* 447 U.S. at 759, 100 S.Ct. at 2460 citing 26 Annals Of Congress 29 (1813). Prerequisite to a § 1927 violation is a finding that counsel acted in bad faith, [see generally, *Lone Ranger Television, Inc. v. Program Radio Corp.,* 740 F.2d 718, 727 (9th Cir.1984)], or in a reckless manner, [*Blodgett* at 610, citing *Barnd v. City of Tacoma,* 664 F.2d 1339, 1343 (9th Cir.1982)]. Bad faith exists where counsel engages in abusive litigation practices such as the harrassment of an opposing party (*Lone Ranger* at 727) or

where an attorney needlessly delays ongoing litigation. *Overnight Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789 (7th Cir.1983).

Based on the foregoing, the Court concludes that sanctions and fees are appropriate in this case either under B.R. 9011(a) or 28 U.S.C. § 1927. Here, in violation of B.R. 9011, Crowley filed a complaint on behalf of Norwood Federal in the Bankruptcy Court to compel discovery in a separate suit pending in the District Court. The suit, although perhaps well grounded in fact,[1] was filed for an improper purpose, to-wit: harassment, and "[b]ad faith is present when a suit is filed for such purposes" *Callow v. Amerace,* 681 F.2d 1242, 1243 (9th Cir.1982). Furthermore, the suit filed in Bankruptcy Court has resulted in an unreasonable multiplication of proceedings in contravention of 28 U.S.C. § 1927. There were other avenues of discovery available through the District Court which Crowley could have pursued on behalf of Norwood Federal.

The debtor has a right to be free from costly and vexatious litigation. See, generally, *Von Poppenheim v. Portland Boxing and Wrestling Comm.,* 442 F.2d 1047, 1054 (9th Cir.1971), *cert. denied,* 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). Additionally, the time and energies of our courts and the rights of other litigants who are awaiting their turn for access to an already over-burdened court system must be considered.

Accordingly, the motion for award of attorneys fees is granted as against Michael L. Crowley, counsel for Norwood Federal, and Norwood Federal, and fees of $3,217.00 shall be awarded to the debtor as compensation for his attorneys fees in defending the suit.

This Memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for

---

**1.** Although the Court need not address the award of sanctions on this basis, the suit was clearly not well-grounded in law. 11 U.S.C. § 727(a) sets out the *exclusive* grounds for ob-

jecting to the debtor's discharge in bankruptcy. Norwood Federal's so-called complaint objecting to the debtor's discharge failed to allege *any* of those grounds.

Robert M. Guiltinan shall prepare an order in conformity with this Decision within ten (10) days of receipt hereof.