In re GRANTHAM BROTHERS, a partnership, Debtor.

In re J. Sherrick GRANTHAM and Darlene Grantham, Debtors.

In re Tanner A. GRANTHAM, Debtor.

GRANTHAM BROTHERS, J. Sherrick Grantham, Darlene J. Grantham and Tanner A. Grantham, Plaintiffs,

v.

VALLEY NATIONAL BANK, John R. Anderson, trustee, Grantham Brothers Estate, Edward Quinif, Robert Riter, and Harold Christopherson, Defendants.

Bankruptcy Nos. B–83–2882 PHX RGM, B–85–1798 PCT RGM and B–85–1797 PCT RGM. Adv. No. 86–281.

United States Bankruptcy Court, D. Arizona.

Dec. 18, 1986.

William L. Needler, Chicago, Ill., for debtors.

Dawn Stoll-Zeitlin, Gust, Rosenfeld, Divelbess & Henderson, Phoenix, Ariz., for Valley Nat. Bank.

Redfield T. Baum, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for Trustee.

John Anderson, Phoenix, Ariz., Trustee.

Phil B. Hammond, Evans, Hammond & Milliken, Phoenix, Ariz., for Quinif.

## ORDER GRANTING RULE 11 SANCTIONS AGAINST ATTORNEY WILLIAM NEEDLER

ROBERT G. MOOREMAN, Chief Judge.

Having had the issue of sanctions under advisement since September 9, 1986 and having fully reviewed the record in this matter and the pleadings and arguments of counsel regarding the imposition of sanctions, this Court finds and concludes as follows:

### FACTS

On March 2, 1986, this Court approved the sale by the trustee of the OSO ranch, which was part of the bankruptcy estate in this matter. Although objections had been made by the debtors to the sale, those objections were withdrawn prior to the approval of the sale. *See* Order For Sale of Real Property Free and Clear of Liens, filed March 2, 1986, B–83–2882, Docket #496. No motions for reconsideration or notices of appeal were filed after the issuance of the above Order.

Ninety days later, newly-appointed counsel for the debtor William Needler filed the complaint giving rise to this adversary proceeding. Named in the complaint are the trustee, John Anderson; Edward Quinif, the purchaser of the OSO ranch; Robert Riter, Harold Christopherson, potential purchasers of other properties of the estate at the time of the complaint, and the Valley National Bank. The complaint requested in part the removal of the trustee as well as an injunction against any sales of property of the estate. The contentions in the complaint address the issues of whether the trustee qualified as a disinterested party as well as whether he had performed his duties properly, referring in part to the sale of the OSO ranch. The complaint also alleged that the trustee is not a disinterested party entitled to remain in his position; that the trustee is attempting to liquidate the debtors in violation of the bankruptcy code provisions relating to farmers; and that the trustee has failed to consider the tax implications of the sales of the property of the estate.

The defendants to this adversary complaint moved for dismissal based upon the failure to state a claim upon which relief could be granted pursuant to Bankruptcy Rule 7012(B) and Rule 12(b)(6), F.R.C.P. At the hearing on the motions to dismiss, this Court found them to well-taken and thereby dismissed the adversary action. In addition, the moving parties requested that attorneys' fees be awarded based upon a violation of Rule 11, F.R.C.P., Bankruptcy Rule 9011, as well as 28 U.S.C. Section 1927. For the reasons set forth below, this Court will award sanctions against the debtors' counsel, Mr. William L. Needler of William L. Needler & Associates, Ltd.

### DISCUSSION

Bankruptcy Rule 9011, which incorporates the language set forth in Rule 11, F.R.C.P., provides in part as follows:

The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. * * * If a document is signed in violation of this rule, the court on motion or on its own initiative, *shall* impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankruptcy Rule 9011 (emphasis added). The standards to be applied under this rule were discussed in *Zaldivar v. City of Los Angeles,* 780 F.2d 823 (9th Cir.1986). As set forth in *Zaldivar,* there are two separate determinations contained in this provision: frivolousness and improper purpose. *Id.,* 830–832. As will be shown below, Mr. Needler's actions in this matter meet both requirements of Bankruptcy Rule 9011, thereby requiring the imposition of sanctions.

FRIVOLOUSNESS

■ Pursuant to this portion of the rule: [S]anctions shall be assessed if the paper filed in [bankruptcy] court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in bad faith.

*Id.,* at 831. As set forth in the facts above, this Court found in its Order of March 2, 1986 that all objections to the sale of the OSO ranch property by the trustee had been withdrawn. Debtors did not seek a motion for reconsideration or leave to appeal. No stay of that action was sought.

This Court approved Mr. Needler's application for limited admission on May 23, 1986. Notwithstanding the fact that the debtors did not seek review of the sale, approximately ninety days after the entry of the March 2nd Order, and after only one week of obtaining limited admission in the case, Mr. Needler filed an adversary complaint naming both the trustee and the purchaser of the OSO ranch, requesting, in part, replacement of the trustee and a stay of the sale based upon his contention that the sale price was too low and made for the benefit of one of the creditors.

■ This portion of the adversary complaint can only be described as an impermissible collateral attack upon the March 2, 1986 Order authorizing the sale of the OSO ranch. It is clear from the record that all objections to the sale of the OSO ranch, including that of the debtor, were withdrawn prior to the occurrence of the sale. Had Mr. Needler made the reasonable inquiry necessary under this rule, it would have been clear that the opportunity to object to the sale had not only passed but that the debtors had withdrawn their objection, thereby removing the basis for any further challenges to the sale. The filing of this adversary complaint was therefore without legal basis, factual foundation and is therefore frivolous in this regard. Notwithstanding Mr. Needler's delayed appearance in this matter, he is as a matter of law familiar with the standards imposed upon counsel under Rule 11, F.R.C.P. *See In re TCI LTD.,* 769 F.2d 441 (7th Cir.1985) (affirming the imposition of sanctions upon Mr. Needler's firm for violations of Rule 11, F.R.C.P. and 28 U.S.C. Section 1927). His admission to this Court after the original filing of this matter does not excuse his responsibility to comply with Bankruptcy Rule 9011. In addition, the facts in *TCI* are substantially similar to those presented herein, i.e. that a member of Mr. Needler's firm was attempting to set aside a previous sale without setting forth a sufficient legal basis to support such a finding despite the allowance of several amendments to the pleadings and that he acted with sufficient notice or knowledge of the problems he was creating.

## IMPROPER PURPOSE

■ Under this provision of the rule, the attorney must certify that the pleading filed "is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation." The Court in *Zaldivar* made the following statement in this regard:

Harassment under Rule 11 focuses upon the improper purpose of the signer, objectively tested, rather than upon the consequences of the signer's act, subjectively viewed by the signer's opponent.

*Zaldivar v. City of Los Angeles, supra,* at 832. The Ninth Circuit went on to point out that "[w]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." *Id.*

In the present case, this Court must objectively review Mr. Needler's intent in signing the adversary complaint in this matter. As mentioned above, it is abundantly clear from the record that all objections and/or complaints to the sale had been withdrawn prior to the sale, including those of the debtors. Further, no review was sought from the Order of March 2, 1986, authorizing the sale. Accordingly, from an objective viewpoint, the Order was not reasonably subject to challenge in this forum. The result to be achieved from this portion of the adversary complaint was to harass or intimidate the purchaser of the property and the trustee for acting pursuant to the authority of this Court, delay any further proceedings and to increase the cost of the litigation by requiring numerous pleadings in response to the complaint and request for temporary restraining order. Mr. Needler has neither set forth factual evidence nor a legal basis to support the portion of his complaint challenging the prior court-approved sale and this Court finds and concludes that there is no basis for such an action.

■ Pursuant to Bankruptcy Rule 9011 and Rule 11, F.R.C.P., upon finding a violation to have occurred, this Court is required to impose sanctions upon the person who signed the document, the represented party, or both. In this instance, sanctions will be imposed only upon Mr. Needler as the complaint bears his signature and it appears from the record that he was the impetus for this complaint.

In regard to the remainder of the allegations of the complaint, this Court will not award sanctions. Although the allegations were raised improperly by way of an adversary complaint and were properly dismissed, they do not fall within the requirements of the rule.

## AMOUNT OF SANCTIONS

Two applications for attorneys fees have been filed in this matter: Valley National Bank and Edward Quinif. The record does not reflect an application for fees by the trustee. In light of the above disposition, such an application by the trustee may be filed no later than ten (10) days from the entry of this order. In regard to the two applications before this Court, it should be noted that there have been no objections to the amounts requested.

■ The application submitted by counsel for Edward Quinif indicates that attorneys' fees in the amount of $1,577.00 were incurred in responding to the adversary action filed by Mr. Needler. As Mr. Quinif's participation in the bankruptcy proceedings was limited to the purchase of the OSO ranch, his inclusion in the adversary action was limited to that portion of the complaint. Therefore, he is entitled to recover the entire amount of the fees incurred in defending against the complaint in question as all of the fees arose in regard to the improper portion of the complaint. Accordingly, Mr. Needler shall personally pay to counsel for Mr. Quinif the amount of $1,577.00.

■ In regard to the application submitted by the Valley National Bank, a somewhat different analysis is required. While Valley was required to respond to the defective portion of the adversary complaint, they also incurred attorneys' fees for responding to the remainder of the complaint, for which no sanctions are awarded herein. The application for fees

submitted by Valley requests an award of $499.00. This amount must be allocated proportionately to the improper actions on the complaint filed by Mr. Needler. A review of the record in this matter indicates that approximately thirty percent of the matters in the complaint represent the portion upon which sanctions are being imposed. Accordingly, Valley is entitled to recover $150.00 from Mr. Needler.

## CONCLUSION

In conclusion, based upon the above discussion as well as all of the pleadings and arguments by the movants, Mr. Needler violated Bankruptcy Rule 9011, incorporating Rule 11, F.R.C.P., by filing the adversary complaint in question. Sanctions will be imposed under this rule personally upon Mr. Needler. The movants are entitled to recover reasonable attorneys' fees, which this Court finds and concludes to be a reasonable sanction in light of the violation.

Based upon the foregoing,

IT IS ORDERED that based upon a violation of Bankruptcy Rule 9011, incorporating Rule 11, F.R.C.P., sanctions shall be imposed personally upon counsel for the debtor, Mr. William Needler.

IT IS FURTHER ORDERED that Mr. Needler personally pay the following amounts, without reimbursement from his client or the estate, no later than December 31, 1986:

| | |
|---|---|
| Counsel for Edward Quinif: | $1,577.00 |
| Counsel for Valley National Bank: | $ 150.00 |

IT IS FURTHER ORDERED that the trustee may file an application for attorneys' fees consistent with the above disposition no later than ten (10) days after the entry of this Order. Upon a determination of the reasonable fees, if any, to which the trustee is entitled based upon the violation of Bankruptcy Rule 9011, this Court will direct Mr. Needler to pay to the trustee this amount as well as the above award.

IT IS FINALLY ORDERED that the failure to comply with the orders of this Court may result in the imposition of sanc-

tions including, but not limited to, revocation of limited admission to this Court.