In re GRANTHAM BROTHERS, a Partnership, Debtor.

William L. NEEDLER, Appellant,

v.

Edward W. QUINIFF, John Anderson, Trustee, The Valley National Bank, et al., Appellees.

No. Civ 87–991 PHX RCB. Bankruptcy No. 83–2882 PCT–RGM.

United States District Court, D. Arizona.

Feb. 5, 1988.

William L. Needler, William Needler & Associates, Chicago, Ill., for debtor.

Dawn S. Stoll Zeitlin, Gust, Rosenfeld, Divelbess & Henderson, Phoenix, Ariz., for Valley Nat. Bank.

Redfield T. Baum, Richard Lorenzen, O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, Ariz., for John R. Anderson, Trustee.

## ORDER

BROOMFIELD, District Judge.

This matter is before the court on an appeal from bankruptcy proceeding 68 B.R. 642 (Bkrtcy.D.Ariz.1986) before the Honorable Robert G. Mooreman. The debtor's attorney, William L. Needler, appeals from the bankruptcy court's imposition of sanctions against him pursuant to Bank.R. 9011 and Fed.R.Civ.P. 11. Upon the motion of the appellees, the bankruptcy court imposed sanctions against Needler personally for filing an adversary complaint seeking the removal of the trustee and a stay of the sale of the debtor partnership's OSO Ranch. Prior to Needler's appearance for the debtor partnership, the court approved the sale of the ranch after the debtor partnership and individual debtors withdrew any objection to the sale. The bankruptcy court found Needler's action frivolous and improper in light of the previous order authorizing the sale and the withdrawal of the debtors' objections to the sale. The bankruptcy court ordered Needler to personally pay the appellees their attorneys' fees incurred in moving to dismiss the adversary complaint.

## JURISDICTION

This court has appellate jurisdiction under 28 U.S.C. § 158(a) and original jurisdiction under 28 U.S.C. § 1334.

## STANDARD OF REVIEW

■ The review of Rule 11 sanctions may involve three separate inquiries. First, whether the sanctioned party's conduct violated Rule 11 is a legal issue reviewed *de novo*. Second, the reviewing court reviews any disputed factual assertions under a clearly erroneous standard. Third, the appropriateness of the sanction is reviewed for an abuse of discretion. *Hudson v. Moore Business Forms, Inc.*, 827 F.2d 450, 452–53 (9th Cir.1987). Here, there is no disputed factual assertions, so the court's review is limited to the first and third prongs of review.

■ Fed.R.Civ.P. 11, which parallels Bank.R. 9011, provides in pertinent part:

The signature of an attorney or party constitutes a certificate by the signer that the singer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good

faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. (emphasis added).

The standard for appraising the actions of a signing attorney is one of objective reasonableness under the circumstances. *Hudson* at 453, *Greenberg v. Sala,* 822 F.2d 882, 885 (9th Cir.1987); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829 (9th Cir.1986). The subjective intent of the signing attorney is irrelevant to the question of sanctions. *Zaldivar* at 829. The two problems Rule 11 addresses are "frivolous filings" and the use of judicial procedures for harassment. *Hudson* at 453. When considering imposing sanctions a court must balance competing concerns: the desire to avoid abusive use of the judicial process and to avoid chilling zealous advocacy. *In re Yagman,* 796 F.2d 1165, 1182, *amended,* 803 F.2d 1085 (9th Cir. 1986).

.  .  .  .  .

I. Frivolousness

A court shall impose sanctions if the paper signed and filed by the attorney is frivolous, legally unreasonable, or without foundation, even though the attorney did not file the paper in subjective bad faith. *Zaldivar* at 831. The objective standard by which to test the signing attorney's conduct is that of a competent attorney admitted to practice before the court. *Id.* at 830. The good faith belief of the signing attorney in the merit of his argument is an objective condition which a competent attorney attains after reasonable inquiry. *Id.* at 831.

■ Here, the bankruptcy court approved the sale of the OSO Ranch by the trustee in its order of March 2, 1986. Prior to the entry of that order, the individual debtors and the debtor partnership withdrew their objections to the sale. No party moved to reconsider the bankruptcy court's order or requested a stay of the sale. Subsequently on May 30, 1986, Needler filed an adversary complaint against the trustee, the purchaser of the OSO Ranch, potential purchasers of other properties of the debtor, and the Valley National Bank. In the complaint, Needler sought the removal of the trustee and a stay of the sale. The court agrees with the bankruptcy court that this portion of the complaint amounted to an impermissible collateral attack on the March 2, 1986 order authorizing the sale of the OSO Ranch. A reasonable inquiry into the record would have revealed to Needler that the debtors withdrew their objection to the sale and that the time for objections expired. The filing of the complaint was therefore unreasonable, without factual basis, and frivolous.

Needler argues the filing of the adversary proceeding was not frivolous. He contends he had an ethical duty to prevent fraud on the bankruptcy court and on the creditors of the individual debtors. He alleges the individual debtors fraudulently transferred the title to the ranches to the partnership prior to filing for bankruptcy. Filing the complaint for the adversary proceeding was the only proper application for relief Needler asserts. He states he was unaware of any other means to prevent this allege fraud.

The court finds Needler's argument lacks merit. No ethical obligation authorizes an attorney to file frivolous pleadings in violation of Fed.R.Civ.P. 11 or Bank.R. 9011. Other legally and procedurally proper means exist for an attorney to meet his ethical obligations without violating Rule 11. An attorney asserting a perpetration of fraud on the bankruptcy court and creditors may notify the court through letter or formal motion to the court. The adversary complaint does not fall within the class of

procedurally proper means to apprise the court of an alleged fraud.

Needler also argues Fed.R.Civ.P. 60(b) authorizes the filing of the adversary proceeding to set aside an order due to fraud. While Fed.R.Civ.P. 60(b)(3) allows a party to file a motion for relief from a final judgment, order, or proceeding due to fraud, it does not allow a party to file an adversary complaint. Beyond Needler's bare assertion that Rule 60(b)(3) authorizes an adversary proceeding, he supplies no authority to support his proposition. The court finds his argument unpersuasive and without merit.

## II. Improper Purpose

Under Rule 11 and Bank.R. 9011, the attorney must certify that the pleading is not for any improper purpose, such as to harass, cause delay or increase the cost of the litigation. In determining whether the pleading constitutes harassment, the court objectively focuses upon the improper purposes of the signing attorney, rather than upon the consequences of the attorney's act as subjectively viewed by the opposing party. *Zaldivar* at 832.

After objectively viewing Needler's purpose in signing the adversary complaint, the court finds he filed it for improper purposes. The record clearly demonstrates the withdrawal of all objections to the sale of the OSO Ranch prior to the bankruptcy court's March 2, 1986 order authorizing the sale. The result Needler sought to achieve from the complaint was to harass or intimidate the purchaser and the trustee from acting pursuant to the bankruptcy court's order. An additional result was to delay the proceedings and increase the cost of litigation by requiring the filing of numerous responsive pleadings. Needler fails to present any valid basis to demonstrate that he filed the complaint for a proper purpose. As noted above, other proper means existed for Needler to notify the bankruptcy court of any alleged fraud. Accordingly, the court finds sanctions were appropriate in this case and affirms the bankruptcy court's order imposing sanctions and denying reconsideration of its imposition of sanctions.

IT IS ORDERED affirming the imposition of sanctions against Attorney Needler by the bankruptcy court.