In re Bruce Wilson HATCH, d/b/a Financial Development Associates, Debtor.

Harriet E. STYLER, Trustee of the Estate of Bruce Wilson Hatch d/b/a Financial Development Associates, Plaintiff,

v.

TALL OAKS, INC., a Utah corporation, Defendant.

Bankruptcy No. 85A–03091.
Adversary No. 87PA–683.

United States Bankruptcy Court, D. Utah, C.D.

Nov. 21, 1988.

George Speciale, Salt Lake City, Utah, for trustee.

Harriet Styler, Salt Lake City, Utah, Trustee.

J. Frederick Voros, Jr., Salt Lake City, Utah, for creditor.

MEMORANDUM OPINION

JOHN H. ALLEN, Bankruptcy Judge.

This matter is before the Court on the Defendant's Motion to Dismiss. A hearing

was held on this motion on May 10, 1988, and the matter was taken under advisement. After a careful review of the law relating to this motion, the Court makes the following determination:

## BACKGROUND

On September 17, 1987, Harriet E. Styler, Trustee ("Trustee") of the Estate of Bruce Wilson Hatch dba Financial Development Associates ("Debtor") filed a Complaint to Avoid Fraudulent Transfer pursuant to 11 U.S.C. Section 548. The Summons and Notice of Pre-trial Conference was served on the defendant, Tall Oaks, Inc. ("Defendant") by certified mail on February 19, 1988.

Defendant filed its Motion to Dismiss on April 7, 1988, on the ground that service of the Summons and Complaint was not made upon it within 120 days after the filing of the Complaint as required by Bankruptcy Rule 7004(a), which incorporates Rule 4(j) of the Federal Rules of Civil Procedure.

The Trustee, through her attorney, filed a Response to the Motion to Dismiss arguing that good cause exists for failure to serve the Summons and Complaint upon defendant within 120 days after the filing of the Complaint based upon the nature and complexity of the bankruptcy case. The Response, signed by the attorney, states on page two as follows:

4. At the time the undersigned was appointed attorney for the plaintiff, there remained approximately 16 months within which to commence actions to recover preferences or fraudulent conveyances under 11 U.S.C. Section 546(a)(1), the Trustee having been appointed on September 18, 1987.

5. While preliminary work to determine the recipients of apparent preferential payments had been undertaken prior to my appointment and subsequently delivered over to me, the information was summary in form, documentary evidence in possession of the Trustee being limited.

Further on Page 3

10. I filed all complaints upon the basis of summary information, not always with the ability to document the claims.

11. Subsequent to the filing of the Complaint, I attempted to determine which adversary proceedings could be proved by the evidence available to me so as to justify their prosecution.

14. I was aware of the bar date for the filing of the adversary proceeding, and for the service of process, and believed that I had complied with those dates notwithstanding my reluctance to pursue matters as to which I had great concern owing to lack of documentary evidence.

The attorney further contends that documents needed to bolster the summary assumptions contained in the Complaint were difficult to locate and recover as they were in the possession of the Salt Lake County Attorney and County Sheriff's Office. Therefore, the Court is asked to determine that these difficulties, which resulted in the delayed service, constitute good cause within the meaning of Rule 4(j) of the Federal Rules of Civil Procedure.

The attorney for the Trustee expresses concern that if the Complaint is dismissed, the effect would be a dismissal with prejudice since the statutory time bar of 11 U.S.C. Section 546(a)(1) would preclude the refiling of the Complaint.

## DISCUSSION

Rule 4(j) of the Federal Rules of Civil Procedure provides:

If a service of the Summons and Complaint is not made upon a defendant within 120 days after filing of the Complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period the action shall be dismissed as to that defendant without prejudice upon the Court's own initiative with notice to such party or upon motion.

Service on defendant was not made within the 120 day period prescribed by Rule 4(j). The rule mandates dismissal unless the party responsible for the service can "show good cause" why service was not made as required. *Norlock v. City of Gar-*

*land,* 768 F.2d 654, 657 (5th Cir.1985); *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir.1985).

What constitutes "good cause" under this statute is not spelled out in the legislative history. 128 Cong.Rec. H. 9852 n. 25 (daily ed. Dec. 15, 1982).. However, some guidelines have emerged as Courts have wrestled with the standard. As stated by the Fifth Circuit in *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985) good cause "would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice ... and some reasonable basis for non-compliance within the time specified is normally required."

In attempting to excuse the non-compliance with Rule 4(j), Trustee's attorney does not claim inadvertence, mistake, or ignorance, which are the most cited reasons for such non-compliance, *See Geller v. Newell,* 602 F.Supp. 501, 501 (S.D.N.Y.1984) (Plaintiff was confused about requirements for service of process); *Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984) (oversight of counsel); *U.S. v. Kenner General Contractors, Inc.,* 764 F.2d 707, 711 (9th Cir. 1985) (Plaintiff's efforts at service were half-hearted at best); *Davis–Wilson v. Hilton Hotels Corp.,* 106 F.R.D. 505, 509 (E.D. La.1985) (Plaintiff had settlement hopes and defendant subsequently served.); *Ruley v. Nelson,* 106 F.R.D. 514, 518 (D.Nev. 1985) (Counsel was ignorant of 4(j) and desired to learn more about case); *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 477 (N.D.Ill.1984) (New lawyer did not discover original lawyer's failure to serve.). The courts who were presented the above argument rejected them as not meeting the "good cause" standard.

However, other reasons have been advanced by parties in an effort to justify "good cause". *See Shuster v. Conley,* 107 F.R.D. 755, 757 (Plaintiffs were unable to effectuate service by mail, defendant had moved without leaving a forwarding address); *Excalibur Oil, Inc. v. Gable,* 105 F.R.D. 543, 544 (N.D.Ill.1985) (After suit

was filed, plaintiffs learned defendants had filed a Chapter 11 proceeding); *Wei,* 763 F.2d at 374 (Plaintiff desired to amend complaint before effecting service); *Norlock,* 768 F.2d at 656 (Service by mail was not perfected and no subsequent personal service was attempted); *Winters,* 776 F.2d at 1304 (Identical suit filed in state court then removed to United States District Court and plaintiff did not want to incur additional costs of service since timely service had occurred in the state court action); *Redding v. Essex Crane Rental Corp.,* 752 F.2d 1077, 1078 (5th Cir.1985). (Service delayed to further settlement chances for state compensation claim.)

The courts presented with these reasons also rejected them as failing to meet the burden for showing good cause. Additionally, Courts were not more sympathetic when the effect of the dismissal would time-bar the plaintiffs from any further action because a statute had run after the filing of the complaint. "It is not our function to create exceptions to the rule where cases in which dismissal without prejudice may work prejudice in fact...." *Norlock,* 768 F.2d at 658; *Redding,* 752 F.2d 1077; *Winters,* 776 F.2d 1304; *Wei,* 763 F.2d 370.

According to the Response to Motion to Dismiss, the determination to delay the service of Summons and Complaint was made by the Trustee's attorney. Nevertheless, the settled law is that parties are bound by the action of their attorneys. *Wei,* 763 F.2d 370; *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. at 476.

The Trustee's attorney filed the Complaint, then took no steps to serve defendant. Instead, he attempted in various ways to locate documents to verify the transactions which would support the fraudulent transfer that constituted the basis for the Complaint.

The explanation advanced for the justification of failure to act in this case is unpersuasive. The Court believes that "good cause" does not exist for the failure of service within the relevant time period. The Court also believes that the plain lan-

guage of 4(j) leaves no alternative but to dismiss.

It is true that such a result is very harsh in the instant case. The trustee will have no opportunity to refile the complaint. The statutory time period has now run and cannot be revived.

However, the Court has a deeper concern. This concern has developed from the response filed by the Trustee.

### BANKRUPTCY RULE 9011

Bankruptcy Rule 9011 is virtually identical to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 was fashioned to discourage frivolous pleadings and suits filed merely to cause delay and requires sanctions against attorneys who violate this rule. *Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir.1988). In comparison to Rule 11, Bankruptcy Rule 9011 contains only minor modifications which tailor the rule specifically to bankruptcy cases. As stated recently by the First Circuit, "Inasmuch as the two are couched in the same terms and have a common ideology, we believe Rule 11 jurisprudence is largely transferable to Rule 9011 cases, and we approach the matter from that prospective." *In re D.C. Sullivan Co., Inc.*, 843 F.2d 596, 598 (1st Cir.1988). Thus, cases interpreting Rule 11 are equally applicable to Bankruptcy Rule 9011. *Matter of King*, 83 B.R. 843 (Bkrtcy.M.D.Ga.1988).

Under Bankruptcy Rule 9011, the signature of an attorney on a filing is a certificate by the attorney that the document is well-founded and is not filed for an improper purpose. This rule provides in pertinent part:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry, is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose,

such as to harass, to cause delay, or to increase the cost of litigation.

If there is a violation of this rule, the Court is directed to impose sanctions on the attorney, the client or both. These sanctions may include an order to pay the reasonable expenses of the other parties involved, including attorney's fees. *In re Arkansas Communities, Inc.*, 827 F.2d 1219 (8th Cir.1987).

However, the rule is not limited to fees and costs, it simply states that the "Court shall impose ... an appropriate sanction". As stated above, when it is unclear who is responsible, sanctions may be imposed against the attorney and the party represented. In the *Matter of King*, 83 B.R. 843 (Bkrtcy.M.D.Ga.1988); *In re U.S. Truck Co.*, 71 B.R. 99 (Bkrtcy.E.D.Mi.1987). In analyzing its responsibility under Bankruptcy Rule 9011, this Court is particularly impressed with the mandatory language contained within this rule. The rule is clearly framed as a directive by the use of the imperative "shall". *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 n. 7 (2nd Cir.1985), *cert. denied*, — U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

The signer's conduct is to be judged as of the time the pleading is signed. *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2nd Cir. 1986) *cert. denied, County of Suffolk v. Graseck*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (U.S.1987). The standard which courts have imposed is objective rather than subjective good faith. *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 873 (5th Cir.1988). *Eastway Construction Corp.*, 762 F.2d at 254. This objective standard is one of reasonableness. Would a reasonable attorney so situated file such a document? *Adamson*, 855 F.2d at 673; *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 604–05 (1st Cir.1988); *Mason & Dixon Lines, Inc. v. First Nat'l Bank*, 86 B.R. 476, (M.D.N.C.1988); *In Re Akridge*, 71 B.R. 151 (Bkrtcy.S.D.Cal.1987). The subjective intent of the signing attorney is irrelevant to the question of sanctions. *Sullivan*, 843 F.2d at 599; *Zaldivar*

*v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir.1986).

The reasonable inquiry required by the rule includes facts as well as law. In *Matter of American Reserve Corp.*, 840 F.2d 487, (7th Cir.1988), the court was concerned with the costs incident to filing proofs of claim. In analyzing these costs, the court especially noted that it was necessary for a claimant to have "... done substantial investigation to identify and shape the claim. Even though there is no fee to file claims in bankruptcy, the opportunity costs of time needed to investigate and decide whether to file may be substantial especially because Bankruptcy Rule 9011(a) (a parallel to Fed.R.Civ.Proc. 11) requires every claimant to investigate the facts and do necessary legal research *before filing*." (emphasis added) In *In re Grantham Bros.*, 68 B.R. 642 (Bkrtcy.D.Ariz.1986), *aff'd* 84 B.R. 172, the debtor's newly appointed counsel filed a complaint challenging the trustee's sale of a ranch. The suit named the trustee and the purchaser. Had the attorney made a reasonable inquiry, the court held, he would have discovered that the opportunity to object to the sale had not only passed, but that the debtors had withdrawn their objections to the sale. The filing of the complaint, therefore, was without legal basis or factual foundation. The First Circuit was equally concerned when it was presented with a claim of intentional infliction of emotional distress. In order to prevail, the plaintiffs, under Massachusetts law, would have to prove that the defendant had engaged in conduct which was "extreme and outrageous", "beyond all possible bounds of decency" and "utterly intolerable in a civilized community." However, evidence before the Court established that the facts were exactly opposite from those required to sustain the claim. During testimony, the plaintiffs described the behavior of the defendant in glowing and complimentary terms. The Court pointed out that "reasonable inquiry" by the plaintiff's counsel would have been sufficient to ascertain the true facts. This assertion of invalid claims resulted in an "appropriate and lawful" award of Rule 11

sanctions against the attorney. *Muthig*, 838 F.2d 600.

The cases reviewed by the Court indicate that while attorneys file pleadings that are unfounded in fact or law, they seldom do so out of complete ignorance. There is usually an underlying motive. The situations that occur which give rise to the imposition of Bankruptcy Rule 9011 sanctions illustrate this dual thrust. For example, in *Mason & Dixon*, 86 B.R. 476, the bankruptcy court had imposed sanctions when the debtor waited until after confirmation of the reorganization plan to raise objection to a lender's filing of a proof of claim. In affirming the decision of the bankruptcy court, the district court pointed out that the delay was unwarranted considering the relationships between the parties was not complicated or "deserving of unusual treatment." After an examination of the circumstances and the law, the district court agreed that the bankruptcy court had been entirely justified in the imposition of sanctions pursuant to Bankruptcy Rule 9011 since the decision by the debtor to file the adversary proceeding was not "objectively reasonable" and was, in fact, filed for the purpose of harassment and delay.

Bankruptcy Rule 9011 mandates that a filing cannot have an improper purpose, such as harassment or delay. In *In re Guiltinan*, 58 B.R. 542 (Bkrtcy.S.D.Ca. 1986) a complaint objecting to discharge was filed. The plaintiff's attorney acknowledged that the purpose of the suit was to obtain the debtor's cooperation in providing information in connection with the plaintiff's civil suit pending in district court. The court ruled the filing of a complaint in bankruptcy court to compel discovery in another court had an improper purpose—harassment of the debtor. Although well grounded in fact, the suit alleged none of the grounds for denial of discharge under Section 727(a).

Bankruptcy Rule 9011 provides if a court is faced with a violation of the rule the court "upon motion or upon its own initiative *shall* impose ... an appropriate sanction." (emphasis added) There is no discretion on the application of sanctions and an attorney's good faith cannot protect him

from these sanctions. *Robinson v. National Cash Register Co.*, 808 F.2d 1119 (5th Cir.1987). Under emerging case law, courts strictly adhere to the mandate of this rule. Thus, sanctions, if appropriate, are to be imposed even if there has been a voluntary dismissal of a case. *Muthig*, 838 F.2d at 604.

Once a violation is established, the only discretion left for the court is the appropriate sanction to be imposed under the particular facts of the cases. *Thomas*, 836 F.2d 866.

### CONCLUSION

Here, the very arguments advanced by the Response to Motion to Dismiss, bolstered by the accompanying affidavit of the Trustee's attorney, have convinced the Court that the complaint was filed before the facts necessary for the complaint were actually within the knowledge of the Trustee or her attorney. The arguments also convince the Court that the complaint was filed for an improper purpose. *Matter of King*, 83 B.R. 843, 846 (Bkrtcy.M.D.Ga.1988). *In re Grantham Brothers*, 84 B.R. 172, 175 (D.Ariz.1988). This purpose was to toll the running of the statutory time period contained within 11 U.S.C. § 546(a)(1). This section appears in the middle of the sections on the trustee's avoiding powers and operates as a statute of limitations. Actions by the trustee to avoid or invalidate transfers or liens under 11 U.S.C. § 548, which permits the trustee to avoid transfer by the debtor in fraud of the creditors, must be commenced within two years of the appointment of a trustee in a chapter 7 liquidation case.

This tolling was necessary to the Trustee to develop the basic evidence to prove the allegations contained within the complaint. The Trustee's attorney filed approximately 80 complaints to recover preferences and fraudulent conveyances, and, according to the sworn response and accompanying affidavit, was in haste to file these complaints before the time period expired. It was *after the filings* that the attorney "attempted to determine which adversary proceedings could be proved by the evidence available to me so as to justify their prosecution." (Response paragraph 11). This delay in the issuance of summons was occasioned by the belief of the attorney that he was not in possession of sufficient facts to prove the complaint.

The Court is convinced that it has no alternative but to apply the sanctions contained within Bankruptcy Rule 9011 against the Trustee and her attorney for violation of this Rule. The Court has before it the verified statements and the affidavit of the trustee's attorney which prove that the filing of the complaint was without factual foundation and the lack of this foundation resulted in the untimely service of the summons upon the defendant.

Faced with this dilemma, the Court is bound by its responsibility to award attorney's fees and costs incurred by the defendant since the filing of the adversary proceeding. These fees and costs are to be borne equally by the trustee and the trustee's attorney and are not to be paid from estate funds.

Based on the foregoing, IT IS ORDERED that the defendant's Motion to Dismiss is granted and the defendant is awarded fees and costs as outlined above.

The defendant is to furnish an affidavit within 15 days setting forth all fees and costs incurred since the filing of the adversary proceeding.