**In re Bruce Wilson HATCH dba Financial Development Associates, Debtor.**

**Harriet E. STYLER, Trustee of the Estate of Bruce Wilson Hatch d/b/a Financial Development Associates, Appellant,**

v.

**TALL OAKS, INC., a Utah corporation, Appellee.**

Nos. 89–C–0066A, 89–C–0067A.

Bankruptcy No. 85A–03091.

Adv. No. 87PA–0683.

United States District Court, D. Utah, C.D.

March 27, 1989.

---

George H. Speciale, Salt Lake City, Utah, for appellant in No. 89–C–0066A.

John B. Maycock, Salt Lake City, Utah, for appellant in No. 89–C–0067A.

J. Frederick Voros, Jr., Salt Lake City, Utah, for appellee.

## ORDER OF REVERSAL AND REMAND

ALDON J. ANDERSON, Senior District Judge.

The appeal of Harriet E. Styler, Trustee of the Estate of Bruce Wilson Hatch dba Financial development Associates, from an Order of the United States Bankruptcy Court for the District of Utah dated November 21, 1988, 93 B.R. 263, imposing sanctions against Appellant and Appellant's counsel, came on for hearing before the Honorable Aldon J. Anderson on March 15, 1989.

Appellant was represented in District Court No. 89–C–0066A by George H. Speciale, and in District Court No. 89–C–0067A by John B. Maycock. Counsel for Appellant each represented to the Court that J. Frederick Voros, Jr., attorney for Appellee, had appeared prior to the hearing and requested that they inform the Court that Tall Oaks, Inc. did not intend to file a brief and would not resist the appeal before the Court, so long as Appellee's rights to present evidence and argument to the Bankruptcy Court upon any remand were preserved.

Counsel represented to the Court that two separate appeals had been filed from the same Bankruptcy Court Order owing to the inherent conflict of interest created between the Trustee and her counsel by the imposition of sanctions against both the Trustee and her counsel, and requested that the court treat the appeal filed by Mr. Speciale as directed primarily to the sanctions imposed against him and the appeal filed by Mr. Maycock as directed primarily to the sanctions imposed against the Trustee.

The Court then heard argument regarding the substantive bases for the appeal. Having reviewed the briefs and the record on appeal, the court entered its findings and conclusions on the record which essentially determined that:

■ 1. The Bankruptcy court erred in imposing sanctions under Bankruptcy Rule 9011 without notice and hearing, in violation of the rights of the trustee and her counsel to due process of law under the Fifth Amendment to the Constitution of the United States;

2. Giving due regard to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses, the Bankruptcy Court's factual findings regarding violation of Bankruptcy Rule 9011 were clearly erroneous, in that the evidence in the record regarding the ongoing investigation of the attorney for the Trustee during the 120 days after filing the complaint was insufficient to support a finding that either the attorney or the Trustee violated Bankruptcy Rule 9011 regarding reasonable prefiling inquiry; regarding the attorney's or the Trustee's prefiling knowledge, information and belief, after such inquiry, that the complaint was well grounded in fact and was warranted by law; or regarding any improper purpose for interposing the complaint.

■ 3. The Bankruptcy Court erred in imposing sanctions on the trustee and upon her attorney without making a specific finding as to each person sanctioned, regarding what fault was committed by that person, and regarding why the sanction imposed was proper as against that person.

It is hereby ORDERED,

1. That the Order of the United States Bankruptcy Court for the District of Utah dated November 21, 1988, to the extent it

imposes sanctions against the Trustee or her attorney, is hereby reversed and the case remanded for proceedings in accordance with this Order.

2. Nothing in this Order shall prohibit Appellee from presenting evidence and argument in the Bankruptcy Court on remand.