922 F.2d 1438
 24 Collier Bankr.Cas.2d 864, 18 Fed.R.Serv.3d 712,
21 Bankr.Ct.Dec. 340, Bankr. L. Rep. P 73,798
 In re GRANTHAM BROTHERS, a partnership, Debtor.
VALLEY NATIONAL BANK OF ARIZONA; John R. Anderson, Trustee;
Edward Quinif; Robert Riter; Harold
Christopherson, Creditors-Appellees,
v.
William N. NEEDLER, Attorney at Law, Claimant-Appellant.
 No. 88-1931.
 United States Court of Appeals,
Ninth Circuit.
 Argued Jan. 10, 1990.
Submission Deferred Jan. 22, 1990.
Resubmitted Dec. 19, 1990.
Decided Jan. 14, 1991.
 
 William L. Needler, Chicago, Ill., for claimant-appellant.
 Dawn Stoll Zeitlin, Gust, Rosenfeld & Henderson, Richard Lorenzen, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for creditors-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before WIGGINS, THOMPSON and TROTT, Circuit Judges.
 WIGGINS, Circuit Judge:
 
 
 1
 Attorney William Needler appeals pro se the district court's affirmance, 84 B.R. 172 of the bankruptcy court's imposition of Bankruptcy Rule 9011(a) sanctions against him, 68 B.R. 642. Needler, in his capacity as attorney for two parties before the bankruptcy court, filed an adversary complaint seeking removal of the trustee and an injunction against the sale of certain real property. The bankruptcy court imposed sanctions under Bankruptcy Rule 9011(a), which mirrors Federal Rule of Civil Procedure 11, against Needler based on a portion of the complaint. We affirm.
 
 BACKGROUND
 
 2
 In 1983, Grantham Brothers, a partnership of Tanner Grantham and Sherrick Grantham ("the partnership"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code. In 1985, Tanner and Sherrick Grantham ("the Granthams") each filed voluntary petitions under Chapter 11 as individuals.
 
 
 3
 On April 17, 1985, the Granthams transferred, without consideration, title to several pieces of real property from themselves to the partnership. In 1986, the partnership's trustee moved for bankruptcy court approval to sell the OSO Ranch, one of the properties conveyed by the Granthams to the partnership. Both the Granthams and the partnership filed, and subsequently withdrew, objections to the sale. By order dated March 2, 1986, the bankruptcy court approved the sale of the OSO Ranch. No party moved for reconsideration of the court's order, requested a stay of the sale, or filed a notice of appeal.
 
 
 4
 On May 30, 1986, appellant Needler, newly substituted attorney for both the partnership and the Granthams, filed an adversary complaint seeking the removal of the trustee and an injunction against the sale of all real property transferred to the partnership by the Granthams. The complaint consisted of four counts, one of which alleged that the partnership's real property subject to sale had been fraudulently conveyed to the partnership. The complaint named the trustee, a bank, and potential purchasers of the real property as defendants.
 
 
 5
 Several defendants moved for dismissal of the complaint for failure to state a claim upon which relief could be granted pursuant to Bankr.R. 7012(b) and for sanctions against Needler for violation of Bankr.R. 9011(a). The bankruptcy court granted the motion to dismiss and imposed sanctions against Needler. The sanctions were imposed because the portion of the complaint seeking a stay of the OSO Ranch sale was an "impermissible collateral attack on the March 2, 1986 order authorizing the sale of [the] ranch." The court found that this collateral attack was frivolous and that Needler had filed it for an improper purpose. The bankruptcy court explicitly found that the remainder of the complaint did not violate Rule 9011(a).
 
 
 6
 Needler filed a motion with the bankruptcy court to reconsider the imposition of sanctions. The motion was denied. Needler appealed both the order imposing sanctions and the denial of his motion to reconsider to the district court. The district court, by order dated February 4, 1988, upheld the imposition of sanctions, and this appeal followed. Submission of this case was vacated by order dated January 23, 1990 pending this court's en banc decision in Townsend v. Holman Consulting Corp., 914 F.2d 1136 (9th Cir.1990).
 
 DISCUSSION
 
 7
 The primary legal basis for a bankruptcy court's imposition of sanctions is Bankr.R. 9011(a).[1] The language of Rule 9011(a) is virtually identical to that of Fed.R.Civ.P. 11, and therefore, courts considering sanctions under Rule 9011(a) rely on Rule 11 cases. In re Chisum, 847 F.2d 597, 599 (9th Cir.), cert. denied, 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988) (citing In re Lewis, 79 B.R. 893, 895 (9th Cir. BAP 1987)). Because the analysis of sanctions is essentially identical under Rules 9011(a) and Rule 11, we will use the terms interchangeably.
 
 
 8
 Rule 11 empowers federal courts to impose sanctions upon the signers of paper where a) the paper is "frivolous", or b) the paper is filed for an "improper purpose". Townsend v. Holman Consulting Corp., 914 F.2d 1136, 1140 (9th Cir.1990). This court has considered and explained in detail the application of Rule 11 in the wake of its 1983 amendment. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 828-32 (9th Cir.1986); Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1536-38 (9th Cir.1986). Rule 11 is to be applied vigorously to "curb widely acknowledged abuse from the filing of frivolous pleadings...." Zaldivar, 780 F.2d at 829-30. Under Rule 11, attorney conduct is measured objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court. Id.
 
 
 9
 In the instant case, the bankruptcy court imposed sanctions on appellant Needler based on both the frivolous and improper purpose prongs of Rule 11. While either prong is alone sufficient to warrant a sanction, this court must consider both because of the effect on the nature and severity of the sanction. Townsend, 914 F.2d at 1140. We apply an abuse of discretion standard in reviewing all aspects of a district court's imposition of Rule 11 sanctions. Cooter & Gell v. Hartmarx Corp., --- U.S. ----, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); Townsend, 914 F.2d at 1143.[2] "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell, 110 S.Ct. at 2461.
 
 A.
 
 10
 In the instant case, the bankruptcy and district courts found that Needler's May 30, 1986 complaint contained, as one of its four counts, an impermissible collateral attack upon the March 2, 1986 bankruptcy court order approving sale of the OSO Ranch. This collateral attack was deemed frivolous and was the basis for the sanctions. The remaining three counts of the complaint were specifically found to be nonfrivolous. As a threshold issue, we must discuss the application of Rule 11 to a partially frivolous complaint.
 
 
 11
 This court has recently addressed this issue en banc in Townsend, 914 F.2d at 1136, in which the district court imposed sanctions against an attorney for a frivolous complaint and a frivolous motion for reconsideration of the sanction. The Townsend decision clarifies conflicting circuit law in holding that partially frivolous pleadings are subject to Rule 11 sanctions where the pleadings involve "allegations or claims". Id. at 1141.[3] The instant case involves a claim made by Needler in a complaint and is therefore controlled by the Townsend rule. The fact that the sanctioned claim, the collateral attack, was only one of the counts contained in Needler's complaint does not insulate him from Rule 11 sanctions. We must therefore determine whether the district court abused its discretion in determining that Needler's collateral attack on the bankruptcy court's sale order was frivolous.
 
 
 12
 A claim is frivolous if it is "both baseless and made without a reasonable and competent inquiry." Townsend, 914 F.2d at 1140. A frivolous claim is one that is "legally unreasonable, or without legal foundation." Zaldivar, 780 F.2d at 831. In the instant case, both the bankruptcy and district courts found that Needler's May 30, 1986 complaint contained an impermissible collateral attack upon the March 2, 1986 bankruptcy court order. The record made clear that all objections to the order, including those of the debtors, had been withdrawn prior to the sale. The failure of the debtors to seek any review, reconsideration, or stay of the bankruptcy court's order precluded the collateral attack included in Needler's complaint. See Lindsey v. Ipock, 732 F.2d 619, 622 (8th Cir.), cert. denied, 469 U.S. 881, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984); Matter of Garfinkle, 672 F.2d 1340, 1348 (11th Cir.1982). Because the collateral attack had no basis in law or fact, we agree that it was frivolous under Rule 11. Although no ninth circuit court has imposed Rule 11 sanctions for such a collateral attack, the district court was within its discretion to do so.
 
 
 13
 The courts additionally found that a "reasonable inquiry" by Needler would have revealed that a collateral attack on the sale order was inappropriate. The time for objecting to the sale had passed and since the debtors had withdrawn their objections, there was no basis for a subsequent challenge to the sale order. The facts surrounding the order and the debtors' withdrawn objections were clearly at Needler's disposal. We agree with the district court that Needler's failure adequately to investigate the circumstances of the sale and the bankruptcy court's order render the complaint's collateral attack frivolous under Rule 11.
 
 
 14
 Needler argues that the collateral attack was not frivolous because he had an ethical duty to prevent fraud on the bankruptcy court. The complaint claimed that the OSO Ranch had been fraudulently conveyed by the debtors to the partnership. However, no ethical duty requires an attorney to file an improper collateral attack on a judge's order.
 
 
 15
 Needler further argues that Federal Rule of Civil Procedure 60(b)(3) authorized the complaint.[4] However, Rule 60(b)(3) allows for the filing of a motion, not an adverse complaint. Additionally, the rule is aimed at fraud perpetrated by an adverse party. The alleged fraud in this case was perpetrated by the debtors, Needler's clients.
 
 B.
 
 16
 The bankruptcy and district courts found that Needler brought the collateral attack for an improper purpose. Although the term "improper purpose" can be construed to require an improper subjective intent, this court analyzes an allegedly improper purpose under an objective standard. Zaldivar, 780 F.2d at 831 n. 9. The consequences of the attorney's act are irrelevant, as we focus only on the attorney's objective intent. Id. at 832.
 
 
 17
 The frivolous and improper purpose prongs of Rule 11 overlap, and "evidence bearing on frivolousness ... will often be highly probative of purpose." Townsend, 914 F.2d at 1140. As discussed, Needler filed the collateral attack on the bankruptcy court's order while facts existed which clearly made the attack improper and frivolous. Needler sought to harass or intimidate the purchaser of the OSO Ranch and the bankruptcy trustee from acting pursuant to the sale order. Additionally, the collateral attack was intended to delay the bankruptcy proceedings and increase the cost of litigation. Measuring Needler's actions against the objective standard of a competent attorney, the district court did not abuse it discretion in finding that the collateral attack was filed for an improper purpose.
 
 CONCLUSION
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Bankr.R. 9011(a) reads:
 Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.
 
 
 [2]
 The standard of review for Rule 9011(a) sanctions is the same as the standard for Rule 11 sanctions. In re Taylor, 884 F.2d 478, 480 (9th Cir.1989)
 
 
 [3]
 Townsend overruled Murphy v. Business Cards Tomorrow, Inc., 854 F.2d 1202 (9th Cir.1988), in which the court held that "Rule 11 permits sanctions only when the pleading as a whole is frivolous or of a harassing nature, not when one of the allegations or arguments in the pleading may be so characterized." Id. at 1205. As the Townsend decision explained, Murphy mistakenly extended the rule announced in Golden Eagle, 801 F.2d at 1531. Townsend, 914 F.2d at 1140-41
 
 
 [4]
 Rule 60(b) reads:
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the purpose of the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ...