**Evan LLOYD, an individual doing business as Mauna Loa Jewelers, Plaintiff–Appellant,**

v.

**Steven SCHLAG, an individual doing business as Dolphin Gallery, Defendant–Appellee.**

No. 88–2661.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1989.

Decided July 24, 1989.

Amended Aug. 17, 1989.

Michael A. Painter, Cooper, Epstein & Hurewitz, Beverly Hills, Cal., for plaintiff-appellant.

David Allan Feller and Michael R. Marsh, Case & Lynch, Honolulu, Hawaii and Peter L. Berger, Levisohn, Lerner & Berger, New York City, for defendant-appellee.

Before GOODWIN, Chief Judge, and HUG, and TANG, Circuit Judges.

GOODWIN, Chief Judge:

Evan Lloyd appeals from the imposition of Rule 11 sanctions in the form of appellee's costs and fees stemming from Lloyd's improperly filed copyright complaint. He also appeals from the district court's holding that the copyrights in question were invalid. On the sanctions issue, we affirm in part and vacate in part, and on the substantive issue, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This case was originally brought by Lloyd, an individual doing business as Moana Loa Jewelers, against Steven Schlag, an individual doing business as Dolphin Gallery. Lloyd alleged that certain designs for costume jewelry charms had originally been produced on or about October 11, 1978, by Noreen Quirk. In August of 1980, Quirk assigned her rights in the designs to Lloyd. However, this assignment was never filed with the United States Copyright Office. Because 17 U.S.C. § 205(d)[1] requires proper recordation of a transfer before the bringing of a copyright infringement suit, the court granted

---

1. Although effective as to the events herein, this section was repealed effective March 1, 1989, to conform to the Berne Convention. *See* 17 U.S.C.A. § 205(d) (Supp.1989).

Schlag's Motion to Dismiss and denied Lloyd's Motion for Leave to File Supplemental Pleading. The dismissal was without prejudice.

Lloyd proceeded to effect the proper recordation, and the Copyright Office issued the Certificate of Recordation on May 28, 1987, specifying the effective date as May 11, 1987. On May 29, 1987, Lloyd filed a Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b), which the district court granted on October 19. In its Order granting the Rule 60(b) Motion, the court also imposed Rule 11 sanctions on Lloyd, ordering him to pay Schlag's costs and attorney's fees incident to bringing the Motion to Dismiss, to opposing Lloyd's Rule 60(b) Motion, and to bringing the Cross–Motion for Sanctions. The court did not specify in what particulars Lloyd had violated Rule 11, although Schlag's Cross–Motion for Sanctions was based upon Lloyd's failure to conduct the requisite reasonable inquiry.

Thereafter, Lloyd filed his First Amended Complaint, which was substantially similar to his original Complaint. Schlag defended on the ground that Quirk, as Lloyd's predecessor in interest, had failed to comply with the statutory requirements of 17 U.S.C. § 405(a)(2)[2] for notification of the copyrighted status of the designs.

During the period from October 11, 1978, through August 1, 1980, Quirk had sold the designs to various jewelry distributors and stores in Hawaii without any copyright notice attached to them. At about the time she assigned her rights to Lloyd, Quirk began to take steps to remedy her earlier unprotected distribution of the designs. At trial, she testified that her understanding of the copyright law was "that I had to contact the people who had my pieces, that had gotten out without the stamp; and let them know that they were copyrighted pieces, and let them know that I would put the copyright stamp on them ... if they had them still in their inventory." She claimed at trial that she sent some letters and made some telephone calls in her at-

tempt to comply with the notice requirements of the copyright law. The only piece of physical evidence produced in support of this claim was a memorandum sent to Schlag on August 7, 1980. It read:

This is an official notification that these designs are copyrighted.

The production of these designs, or the purchase of these designs from anyone other than Noreen Quirk, D.B.A. Quirk"S Works, or her agents, working with her under contract with her, is an infringement of copyright.

All infringements shall be prosecuted.

The court ruled for Schlag based on the failure of Quirk, as Lloyd's predecessor in interest, to cure the omission of notice pursuant to section 405(a)(2). The court stated as a finding of fact, "The plaintiff did not show by a preponderance of the evidence, and thus did not meet his evidentiary burden, to establish that [Quirk] ... made any efforts to add copyright notice to all copies of the ... designs that were distributed to the public after the omission of such copyright notice was discovered by her."

## DISCUSSION

### A. RULE 11 SANCTIONS

Lloyd asserts six reasons why the district court's sanctions against him were in error. Essentially, they are:

(1) Lloyd originally did not understand the law pertinent to registration and transfer of copyrights, and believed and represented to his attorney that he had taken all necessary steps;

(2) Lloyd's attorney learned of his client's misapprehension of the law only during Schlag's discovery process;

(3) the court's order imposing sanctions lacked sufficient specificity to be affirmed;

(4) Schlag cannot prevail on a technical defect when he was not in any way misled;

(5) Lloyd's Motion for Leave to File a Supplemental Pleading was supported by

**2.** Although effective as to the events herein, this section was repealed effective March 1, 1989, to conform to the Berne Convention. *See* 17 U.S. C.A. § 405 (Supp.1989).

caselaw and was not frivolous or interposed for improper purposes; and

(6) Lloyd's Rule 60(b) Motion for Relief from Judgment was soundly based in law.

We consider these arguments *seriatum.*

### 1. *Arguments 1 and 2*

■ Lloyd's first two arguments stem from his apparent belief that a party should not be held responsible for an innocent, good-faith mistake of law or for the carelessness of counsel. This position cannot withstand the clear language of Rule 11:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record.... The signature of any attorney ... *constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; [and] that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.... If a ... paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the ... paper, including a reasonable attorney's fee.

Rule 11, Fed.R.Civ.P. (emphasis added).

■ As the Notes of the Advisory Committee on Rules point out, the language of Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances.... This standard is more stringent than the

original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation." Fed.R. Civ.P. 11, Notes of Advisory Committee, 28 U.S.C.A. Rules of Civil Procedure (Supp. 1988) [hereinafter Rule 11 Notes]. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir.1987) (counsel has affirmative duty of investigation into law and fact before filing). To determine whether the inquiry actually conducted was adequate, the court applies a standard of "objective reasonableness under the circumstances." *Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir. 1987).

Had Lloyd's attorney conducted a reasonable inquiry into the facts, he would have discovered his client's innocent misapprehension of copyright transfer requirements, and been able to remedy the error *prior* to filing suit. Lloyd's attorney's statement that he "discovered the technical informality on April 28, 1987 during [Lloyd's] deposition" supports a conclusion that the unrecorded transfer could have been uncovered had Lloyd's attorney conducted more thorough questioning of Lloyd. Additionally, Lloyd's attorney admitted, "From day one in this lawsuit we concede we made an error in not checking with our client to make sure that all documents were recorded in following up. Our client said everything was recorded." [3]

■ We hold that a reasonable attorney admitted to practice before the district court would have discovered that a copyright infringement suit cannot be brought unless and until the copyright transfer has been properly recorded, and ascertained that the recordation has been accomplished. *See* 17 U.S.C. § 205(d); *see also Co–Opportunities, Inc. v. National Broadcasting Co.*, 510 F.Supp. 43, 48 (N.D.Cal.1981). The Rule 11 Notes instruct that "what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; *whether he had to rely on a client for*

---

**3.** Because Rule 11 violations are determined by an objective standard, this concession by Lloyd's

attorney is of course not dispositive of the issue.

*information as to the facts underlying the pleading, motion or other paper; [or] whether the ... paper was based on a plausible view of the law....*" (emphasis added). Given counsel's experience, his access to relevant information, and his admitted willingness merely to rely on the word of his client, a layperson, as to the legal and factual underpinnings of the case, Lloyd's counsel's signature on the original Complaint unquestionably violated Rule 11. The fact that Lloyd himself made a good-faith error of law provides no refuge. *See Wold v. Minerals Engineering Co.*, 575 F.Supp. 166 (D.Colo.1983).

### 2. *Argument 3*

Lloyd cites *In re Yagman*, 796 F.2d 1165 (9th Cir.), *as amended*, 803 F.2d 1085 (1986), *cert. denied*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987), to support his position that the district court's order imposing sanctions lacked sufficient specificity in that the order was required to include specific findings. Lloyd's position is not well taken; neither the language of *Yagman* nor common sense compel this result, nor has the *Yagman* case been so applied in the Ninth Circuit.

In *Yagman*, the district court imposed, *sua sponte*, without notice, and at the end of the proceedings, a blanket award of all fees in the case. On appeal, we were concerned about the inability of such a sanction to serve the deterrent function of Rule 11. 796 F.2d at 1182. Thus, we concluded that the district court "should at a minimum provide notice," take "prompt action" to assess sanctions during the course of the trial, and issue an award "properly itemized in terms of the perceived misconduct and the sanctioning authority." *Id.* at 1183–84.

The district court's order here suffered from none of these problems. Lloyd had an opportunity to oppose the Cross-Motion for Sanctions, the sanctions were imposed at a point in the proceedings clearly related to Lloyd's transgression, and, most importantly in terms of the required *Yagman* specificity, the court identified the seg-

ments of the proceedings that provided the sources of the amounts assessed. Furthermore, the district court conducted an inquiry into the reasonableness of the amounts claimed by Schlag as sanctions, which is consistent with ·the directive of *Yagman*. *See* 796 F.2d at 1185.

We have held explicit findings to be unnecessary in cases involving sanctions brought under authority other than Rule 11. In *United States ex rel Wiltec Guam v. Kahaluu Const. Co.*, 857 F.2d 600 (9th Cir.1988), we reviewed a district court's dismissal of an action for discovery practices violating Rule 37(b). We set forth the five factors that a district court must weigh in determining whether to dismiss a case as a punitive measure, and stated, "The district court need not make explicit findings regarding these factors; however, if it does not ..., we review the record independently to determine whether the sanction was an abuse of discretion." 857 F.2d at 603; *see also Toombs v. Leone*, 777 F.2d 465, 471 (9th Cir.1985) (sanctions under 28 U.S.C. § 1927). Requiring explicit findings to support a Rule 11 award of sanctions may well contravene the intention that Rule 11 be applied "vigorously" to curb abuses. *See Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 808 (9th Cir.1987). *Cf. Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 882–83 (5th Cir.1988) (en banc) (rejecting earlier Fifth Circuit rule requiring explicit findings in all sanctions awards because it would "impose upon district courts [an] onerous and often time-consuming burden"). We find that the sanctions award here was "quantifiable with some precision and properly itemized in terms of the perceived misconduct and the sanctioning authority." *In re Yagman*, 796 F.2d at 1184.

### 3. *Argument 4*

Lloyd contends that Schlag should not have prevailed because he was never misled by the omission of the copyright notice. This argument apparently is based on 17 U.S.C. § 405(b),[4] which provides in part, "Any person who innocently infringes a

---

**4.** *See supra* note 2.

copyright ... incurs no liability ... under section 504 for any infringing acts committed before receiving actual notice ... if such person proves that he or she was misled by the omission of notice." Schlag did not assert this defense below. Rather, Schlag relied solely on the failure of Quirk to make the reasonable efforts to add notice mandated under section 405(a)(2), and he prevailed on that ground.

Lloyd's attempt to refute this statutory defense on appeal introduces an issue that was never raised below by either party. We therefore decline to consider it.

### 4. *Argument 5*

As part of the Rule 11 sanctions, the district court awarded the costs incurred by Schlag in bringing his Motion to Dismiss. Lloyd's lengthy argument that his opposition to the Motion to Dismiss and his Motion for Leave to File an Amended Pleading were based on existing caselaw misses the point. This argument assumes that the district court imposed sanctions for the frivolity of these papers. Such was simply not the case. Lloyd was sanctioned for filing a complaint that was not warranted by existing law.[5] The sanction award was proper because Lloyd's failure properly to verify that subject matter jurisdiction existed "triggered the expenditure of court resources" and " 'sap[ped] the time of judges, forcing parties with substantial disputes to wait in a longer queue....' " *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir.1987) (quotation omitted). Since the bringing of Schlag's Motion to Dismiss was directly caused by Lloyd's premature suit, the costs of the Motion were appropriately included in the sanction award. Fed.R. Civ.P. 11 ("an appropriate sanction ... may include an order to pay ... the amount of the reasonable expenses incurred because of the filing of the ... paper, including a reasonable attorney's fee").

### 5. *Argument 6*

We cannot, however, so easily endorse the portion of the sanction award dealing with Lloyd's Rule 60(b) Motion. As part of its sanction award, the district court ordered Lloyd to pay Schlag's costs for opposing Lloyd's Rule 60(b) Motion. This award cannot be based on the Rule 60(b) Motion itself, because the Motion had a sound basis in fact and law and therefore was not frivolous. *See Meta–Film Associates, Inc. v. MCA, Inc.*, 586 F.Supp. 1346, 1351 (C.D.Cal.1984) (excusing a technical recording defect and allowing subsequent recordation to relate back to the date the action was originally brought, without imposing sanctions); *Co–Opportunities, Inc.*, 510 F.Supp. at 49 (same).

Sanctioning Lloyd by ordering payment of Schlag's 60(b) costs, then, can be justified only if it constitutes an appropriate Rule 11 sanction for the frivolity of the underlying Complaint. "Rule 11 applies only to the initial signing of a 'pleading, motion or other paper.' " *Cunningham v. County of Los Angeles*, 879 F.2d 481 (9th Cir.1988). It is beyond doubt that Lloyd's original improper filing of the Complaint

---

**5.** As additional support for this item of sanctions, Schlag invokes Lloyd's statement to the court on May 8, 1987, in his opposition to Schlag's Motion to Dismiss and Motion for Leave to File an Amended Pleading, that the transfer had been recorded. In fact, the Copyright Office did not act on the application until May 28, 1987, giving it an effective date of May 11. Lloyd explains in response that if the hearing on Schlag's motion had been conducted on the date originally scheduled, rather than two weeks earlier, the transfer would indeed have been recorded in the Copyright Office.

Although Lloyd's explanation, standing alone, would not provide an excuse for an attorney's misrepresentation, the record reveals that Lloyd's attorney did not attempt to mislead the court or opposing counsel. In his declaration accompanying the opposition to Schlag's Motion, Lloyd's attorney explained that the transfer documents had been express-delivered to Hawaii for recordation, and that he understood they would be received there by May 11. Inasmuch as section 205(b) provides that the Register of Copyrights shall record a document attesting a transfer of copyright *upon receipt* of that document, Lloyd's allegation in the opposition to Schlag's Motion, admittedly made in anticipation of the Copyright Office's favorable action on the application, was not a misrepresentation. Although the opposition itself should have revealed its anticipatory nature, because of Lloyd's attorney's candid declaration, the alleged misrepresentation does not, as Schlag argues, provide support for sanctions.

was the but-for cause of the bringing of and opposition to Lloyd's Rule 60(b) Motion. However, we find the connection between the Complaint and Lloyd's Motion to Reopen too attenuated to support this portion of the Rule 11 sanctions. Sanctions are not intended " 'to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.' " *In re Yagman*, 796 F.2d at 1182 (quoting Rule 11 Notes). The district court abused its discretion in including this segment of the sanctions award. Accordingly, we vacate the portion of the sanctions award pertaining to Lloyd's Rule 60(b) Motion.

## B. VALIDITY OF THE COPYRIGHTS

Under section 405(a)(2),[6] the omission of copyright notice from publicly distributed copies of a work will not invalidate the copyright in that work if

> registration for the work has been made before or is made within five years after the publication without notice, and a reasonable effort is made to add notice to all copies ... that are distributed to the public in the United States after the omission has been discovered....

17 U.S.C. § 405(a)(2).[7] The burden of proof is on the copyright holder to show by a preponderance of the evidence that he made reasonable efforts. *Canfield v. Ponchatoula Times*, 759 F.2d 493, 499 (5th Cir.1985). At issue here are what actions by the copyright holder constitute "reasonable efforts," and whether the district court committed clear error by holding that Lloyd had not met his burden of proof for showing that such "reasonable efforts" had been made. We affirm on both issues.

### 1. *Legal Standard*

Lloyd argues that the district court applied an incorrect legal standard in determining what Quirk was required to do to meet the "reasonable efforts" requirement. The court cited *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426 (9th Cir.1986), in support of its finding that the copyrights were invalid. Lloyd contends that this case, decided later than the period at issue here, clarified an area of law previously murky. Accordingly, he asserts, the district court erred in applying the *Lifshitz* standard for reasonable efforts to actions taken in 1980, and its holding was therefore overly and improperly harsh.

Lloyd makes this argument for the first time on appeal; indeed, in his Proposed Findings of Fact and Conclusions of Law, he stated that *Lifshitz* was the proper standard. Therefore, this argument is not properly before the court. *Lifshitz*, 806 F.2d at 1432; *United States v. Moody*, 778 F.2d 1380, 1383 (9th Cir.1985), *as amended*, 791 F.2d 707 (1986).

### 2. *Sufficiency of the Evidence*

■ After trial, the district court found that there was insufficient evidence to establish that Quirk had made "any efforts" to take the actions that her testimony showed she believed to be necessary. Quirk's testimony, together with the memorandum sent to Schlag, constituted the only direct evidence offered that she had made any attempt to contact parties who were holding undistributed copies of the designs, and affix remedial copyright notice to those pieces. Schlag, the only distributor from the relevant period to testify, stated that he had never received notice from Quirk regarding the affixing of remedial copyright notice. No other evidence or testimony was presented to corroborate Quirk's contention that she had telephoned distributors or that she had sent a letter to Schlag specifically demanding to cure omitted notice. The district court was presented, in the words of Lloyd's attorney, with "a question of credibility, of belief." The district court's resolution of this factual and credibility issue was not clearly erroneous.

## C. SCHLAG'S REQUEST FOR FEES AND DOUBLE COSTS

■ Schlag requests an award of attorney's fees and double costs on appeal.

---

**6.** *See supra* note 2.

**7.** Under section 405(a)(1), lack of notice also will not invalidate the copyright if only a "relatively small number of copies" have been distributed to the public. It was stipulated by Lloyd that the number of charms distributed was too large for this exception to apply.

Awarding sanctions for frivolous appeals lies in the sound discretion of the court of appeals. An appeal is considered frivolous when the result is obvious, *Jaeger v. Canadian Bank of Commerce,* 327 F.2d 743, 746 (9th Cir.1964), or the appellant's arguments are wholly without merit. *Libby, McNeill & Libby v. City Nat'l Bank,* 592 F.2d 504, 514 (9th Cir.1978); *see also McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir.1981).

We do not find either the result of this appeal to have been obvious, or Lloyd's arguments to have been wholly meritless. Schlag's request is therefore denied.

The holding of the district court is AFFIRMED in part. That portion of the sanctions award pertaining to the Rule 60(b) Motion is VACATED, and the case is REMANDED for modification of the sanctions award consistent with this opinion.