116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Richard P. DELLINGER; Dorathy M. DELLINGER, Debtors,
John SUTERA, Appellant,
v.
Dorathy M. DELLINGER, Appellee.
 No. 96-16685.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 9, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, Alfred C. Hagan, Calvin K. Ashland, and Robert C. Jones, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Sutera appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's Fed.R.Bankr.P. 7041 dismissal of his action brought against Chapter 7 debtors Richard and Dorathy Dellinger.[1] The bankruptcy court dismissed Sutera's action because Sutera failed to comply with the bankruptcy court's prior orders requiring Sutera to pay sanctions. Sutera also appeals from the bankruptcy court's orders awarding sanctions to the Dellingers. We have jurisdiction pursuant to 28 U.S.C. § 158(d). This court independently reviews the bankruptcy court's rulings on appeal from the BAP. See Havelock v. Taxel ( In re Pace), 67 F.3d 187, 191 (9th Cir.1995). We review the bankruptcy court's conclusions of law de novo and the court's findings of fact for clear error. See Alsberg v. Robertson (In re Alsberg), 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S.Ct. 1568 (1996). We affirm.
 
 A. Sanctions
 
 3
 The bankruptcy court entered several orders sanctioning Sutera. In orders entered on June 14 and 16, 1993, the bankruptcy court sanctioned Sutera $487.50 and $1,643.75 pursuant to Fed.R.Bankr.P. 9011. On April 25, 1994, the bankruptcy court granted Dorathy Dellinger's motion for sanctions pursuant to the bankruptcy court's inherent powers under 11 U.S.C. § 105(a). The bankruptcy court sanctioned Sutera $3,490.62 in attorneys' fees and $197.13 in costs. The bankruptcy court also warned Sutera to pay the sanctions on or before June 22, 1994, or face the dismissal of his action.
 
 
 4
 Sutera contends that the bankruptcy court erred by imposing sanctions because it did not make specific findings in its sanctions orders. This contention lacks merit.
 
 
 5
 We review for abuse of discretion the bankruptcy court's imposition of sanctions pursuant to Fed.R.Bankr.P. 9011 and its inherent powers. See Valley National Bank of Arizona v. Needler ( In re Grantham Bros.), 922 F.2d 1438, 1441 (9th Cir.1991) (sanctions imposed under Fed.R.Bankr.P. 9011); Moore v, Keegan Management Co. (In re Keegan Management Co.), 78 F.3d 431, 436 (9th Cir.1996) (sanctions imposed under trial court's inherent powers).
 
 
 6
 We have previously rejected the contention that the bankruptcy court is required to make specific findings. See Lloyd v. Schlag, 884 F.2d 409, 413 (9th Cir.1989).[2] However, "the district court should at a minimum provide notice,' take 'prompt action' to assess sanctions during the course of the trial, and issue an award 'properly itemized in terms of the perceived misconduct and the sanctioning authority.' " Id. (quoting Yagman v. Baden (In re Yagman), 796 F.2d 1165, 1183-84 (9th Cir.), as amended, 803 F.2d 1085 (1986)).
 
 
 7
 Here, with respect to notice, Sutera had the opportunity to oppose the motions for sanctions. The sanctions were imposed at a point in the proceedings clearly related to Sutera's transgressions, and the court identified the segments of the proceedings that provided the source of the amounts assessed. Furthermore, the bankruptcy court properly conducted inquiries into the reasonableness of the amounts claimed as sanctions. See id.; Yagman, 796 F.2d at 1185. The bankruptcy court did not abuse its discretion when it entered its sanctions orders.
 
 
 8
 B. Dismissal Pursuant to Fed.R.Bankr.P. 7041
 
 
 9
 Sutera contends that the bankruptcy court's Fed.R.Bankr.P. 7041 dismissal of his action for his failure to comply with the bankruptcy court's orders to pay sanctions was an abuse of discretion. This contention lacks merit.
 
 
 10
 Bankruptcy Rule 7041 imports Fed.R.Civ.P. 41 in bankruptcy proceedings and allows for the involuntary dismissal of an action due to a plaintiff's failure to comply with an order of the bankruptcy court. See Fed.R.Bankr.P. 7041; Alvernaz Farms. Inc. v. Bank of California ( In re T.H. Richards Processing Co.), 910 F.2d 639, 650 (9th Cir.1990); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992) (applying Rule 41(b)). We review for abuse of discretion the dismissal of an action for failure to comply with a court order. See Eldridae v. Block, 832 F.2d 1132, 1136 (9th Cir.1987).
 
 
 11
 Dismissal is a severe penalty and should be imposed only in extreme circumstances. See Ferdik, 963 F.2d at 1261. We will not disturb the bankruptcy court's dismissal unless there is a definite and firm conviction that the court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. See Eldridge, 832 F.2d at 1136. These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).
 
 
 12
 In the bankruptcy court's June 14 and 16, 1993 orders, Sutera was ordered to pay the sanctions imposed on him within fifteen days. Sutera failed to pay these sanctions. In an order entered on October 1, 1993, the bankruptcy court reaffirmed its previous imposition of sanctions and again ordered Sutera to pay the sanctions within fifteen days. Sutera has failed to pay these sanctions. On April 25, 1994, the bankruptcy court entered an order granting Dorathy Dellinger's motion for sanctions, and ordered Sutera to pay the sanctions by June 22, 1994, or face the dismissal of his action. Sutera again failed to pay the sanctions and the bankruptcy court dismissed Sutera's action.
 
 
 13
 As the BAP correctly noted, the only factor favoring Sutera is the public policy favoring resolution of cases on the merits. In light of the express warning from the bankruptcy court that Sutera's action was subject to dismissal and Sutera's failure to comply with the sanctions orders, the bankruptcy court did not abuse its discretion by dismissing Sutera's action. See Ferdik, 963 F.2d at 1261-62.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the bankruptcy court consolidated Sutera's two claims, Sutera's action consisted of a motion for relief from stay as well as an adversary complaint to determine the dischargeability of Dorathy Dellinger's debt to Sutera
 
 
 [2]
 "The language of Rule 9011(a) is virtually identical to that of Fed.R.Civ.P. 11, and therefore, courts considering sanctions under Rule 9011(a) rely on Rule 11 cases." In re Grantham Bros., 922 F.2d at 1441
 
 
 [3]
 Dellinger's motion to strike is denied as moot