Jonessa Ki'Ilani BURNS, Plaintiff,

v.

CONSOLIDATED AMUSEMENT
CO., et al., Defendants.

CIV. No. 97–00225 ACK.

United States District Court,
D. Hawaii.

Jan. 22, 1998.

**610**

William Fenton Sink, Law Offices of William Fenton Sink, Honolulu, Daniel S. Peters, Holualoa, HI, for Jonessa Ki'Ilani Burns, plaintiffs.

Richard M. Rand, Roman F. Amaguin, Torkildson Katz Fonseca Jaffe & Moore, Honolulu, HI, for Consolidated Amusement Company, Limited, Randall Church, defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

KAY, Chief Judge.

### FACTUAL BACKGROUND

On March 5, 1997, Plaintiff Jonessa Burns ("Plaintiff") filed her First Amended Complaint ("FAC") in the First Circuit Court of the State of Hawaii. On March 6, 1997, Defendants Consolidated Amusement, Inc. and Randall Church (collectively referred to as "Defendants") removed the action to federal district court. Plaintiff's FAC makes allegations of, *inter alia*, sexual harassment, sexual assault, unlawful retaliation and violation of Title VII.

On November 25, 1997, Plaintiff filed the instant motion for judgment on the pleadings or, in the alternative, for summary judgment. Plaintiff contends that defendants' Fifth Affirmative Defense (preemption of the intentional infliction of emotional distress) is specifically barred by H.R.S. § 386–5. Plaintiff further categorically claims that the following of Defendants' affirmative defenses are wholly devoid of merit: Third (failure to timely file with the Hawaii Civil Rights Commission or the Equal Employment Opportunity Commission ("EEOC")); Fourth (failure to exhaust administrative remedies); Seventh (Waiver); Ninth (failure to exhaust contractual remedies); and Tenth (expiration of the statutes of limitation). Moreover, the Court interprets the latter part of Plaintiff's motion as an attempt to request sanctions against Defendants' counsel via Rule 11. On January 2, 1998, Defendants filed their opposition to which Plaintiff untimely replied on January 16, 1998.[1] This matter came on for hearing on January 20, 1998.

### STANDARD OF REVIEW

#### A. *Judgment on the Pleadings*

Judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 12(c), is proper when the moving party clearly establishes on the face of the pleadings that (1) no material issue of fact remains to be resolved; and (2) it is entitled to judgment as a matter of law. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir.1984). In reviewing a plaintiff's motion under 12(c) all allegations of fact of the opposing party are accepted as true and are construed in the light most favorable to that party.

---

1. As the reply in violation of Local Rule 7.4, the Court sanctions Plaintiff's counsel $100.00 payable to the Clerk of Court.

*McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 810 (9th Cir.1988).

The Court notes that a plaintiff's motion for judgment on the pleadings shall not be granted *unless* all of the defenses raised in the answer are legally insufficient. Fed.R.Civ.P. 12(c). Rather, if one or more of the defenses are viable, plaintiff's motion should be brought as a motion to strike within twenty days after service of the answer. Fed.R.Civ.P. 12(f). Whether to grant a motion to strike under Rule 12(f) is entirely within the discretion of the Court. *Fantasy Inc. v. Fogerty,* 984 F.2d 1524, 1528 (9th cir.1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

Moreover, where the district court goes beyond the pleadings to resolve an issue, the motion properly is treated as one for summary judgment. Fed.R.Civ.P. 12(c); *Hal Roach Studios v. Richard Feiner and Co.,* 896 F.2d 1542, 1550 (9th Cir.1989).

## B. *Summary Judgment*

Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Id.* at 322, 106 S.Ct. 2548. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec.*

*Serv. v. Pacific Elec. Contractors Assoc.,* 809 F.2d 626, 630 (9th Cir.1987).

Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *Id.* At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978).

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America,* 815 F.2d 1285, 1289 (9th Cir.1987), *citing, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Id.*

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Indeed, "if the factual context makes the nonmoving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics,* 818 F.2d at 1468 (emphasis original), *citing, Matsushita, supra,* 475 U.S. at 587, 106 S.Ct. 1348. Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Services,* 809 F.2d at 630–31.

## DISCUSSION

### I. Intentional Infliction of Emotional Distress

Plaintiff's first contention is that Defendants' Fifth Affirmative Defense regarding intentional infliction of emotional distress is specifically barred by H.R.S. § 386–5. The exclusivity provision of H.R.S. 386–5, prior to its 1992 amendment, barred a plaintiff's claim against an employer for intentional infliction of emotional distress. *See Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir.1990). In 1992, the State legislature amended H.R.S. § 386–5 which now provides, in relevant part, "The rights and remedies created herein ... shall exclude all other liability ... except for sexual harassment or other sexual assault and infliction of emotional distress and invasion of privacy." Haw.Rev.Stat. § 386–5. Thus, the Hawaii legislature specifically created a new private cause of action previously barred by § 386–5.

■ To the extent that Plaintiff's complaint alleges sexual harassment, sexual assault or intentional infliction of emotional distress, the Court agrees that Plaintiff is, in fact, entitled to maintain a cause of action separate from worker's compensation. Notwithstanding this finding, Plaintiff's motion for judgment on the pleadings or, in the alternative, for summary judgment must fail. It is readily apparent to the Court from the face of the pleadings that Plaintiff has alleged, in addition to sexual assault and harassment, claims of retaliation and violations of Title VII. If, in fact, the source of Plaintiff's emotional distress arose from the alleged acts of retaliation or unlawful discrimination, then Defendants' Fifth Affirmative Defense would be applicable. However, upon reviewing the pleadings and the parties' submissions, the Court is unable to determine the nature and scope of Plaintiff's allegations and as such finds that there remain triable issues of material fact. Accordingly, Plaintiff's motion for judgment on the plead-

ings or, in the alternative, for summary judgement is DENIED.[2]

### II. Defendants' Affirmative Defenses

Without legal or factual support, Plaintiff categorically claims that the following of Defendants' affirmative defenses are wholly devoid of merit: Third (failure to timely file with the Hawaii Civil Rights Commission or the EEOC); Fourth (failure to exhaust administrative remedies); Seventh (Waiver); Ninth (failure to exhaust contractual remedies); and Tenth (expiration of the statutes of limitation). Plaintiff's only argument is that "[t]he defense knows perfectly well these defenses are bogus. See attachments." Plaintiff's Memo., p. 3. Plaintiff's attachments are: (1) an apparent discrimination charge filed with the Hawaii Civil Rights Commission (2) an apparent right to sue letter from the EEOC; (3) Defendants' Answer to Plaintiff's initial complaint; and (4) a copy of H.R.S. § 386–5.

■ Well settled is the principle that "a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact, that, if proved would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer, it will usually bar judgment on the pleadings." *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989)(citing to 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368). In the instant case, Defendants' answer clearly raises both issues of fact and affirmative defenses. For example, Defendants aptly note that there remains an issue of genuine fact as to when the alleged sexual harassment and assault began. Additionally, there remains an issue of fact as to whether the alleged acts fall within the category of a "continuing violation." As such, Defendants Third Defense, failure to timely file with the Hawaii Civil Rights Commission or the EEOC; Seventh Defense, waiver; and Tenth Defense, statute of limitations, are tenable. Nevertheless, the Court proceeds to analyze the remainder of Plaintiff's motion for judgment on the pleadings on the merits.

2. As the Defendant's answer contains at least one tenable legal defense, the Court notes that it may, in its discretion, deny Plaintiff's motion for judgment on the pleadings solely upon this ground.

As the Court finds that there are numerous issues of triable fact, Plaintiff's motion for judgment on the pleadings or, in the alternative, for summary judgment is hereby DENIED.

### III. *Rule 11 Sanctions*

#### A. *Proper Initiation of Rule 11*

■ Rule 11(c)(1)(A) provides that:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served ... but shall not be filed or presented to the court unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected.

Fed.R.Civ.P. 11(c)(1)(A). Plaintiff has utterly failed to comply with these requirements insofar as (1) Plaintiff failed to draft or serve a separate motion and (2) Plaintiff failed to give Defendants the requisite 21 day period. Accordingly, the Court hereby DENIES plaintiff's request for sanctions.

#### B. *Rule 11 Standards*

■ The Court alternatively finds that even had Plaintiff complied with the procedural requirements of Rule 11(c)(1)(A), Plaintiff's request for sanctions is wholly devoid of merit and should be DENIED. The Supreme Court has addressed the duties under Rule 11 and stated:

> Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and "not interposed for any improper purpose." An attorney who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction."

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 393, 110 S.Ct. 2447. Before .filing a complaint, a party has an "affirmative duty" to conduct reasonable inquiry into both the facts and the law asserted. *Lloyd v. Schlag,* 884 F.2d 409, 412 (9th Cir.1989). If a violation is determined, sanctions must be imposed. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (*en banc* ).

■ The Court in *Townsend* noted that sanctions must be imposed if either (a) the paper is filed for an improper purpose or (b) the paper is frivolous. 929 F.2d at 1362. The word "frivolous" is shorthand used to denote a filing that is both (i) baseless and (ii) made without a reasonable and competent inquiry. *Id.*. In determining whether a filing is baseless and whether an inquiry is reasonable, the Court looks to "all the circumstances of [the] case." *Id.* at 1364 (quoting *Cooter & Gell,* 496 U.S. at 401, 110 S.Ct. 2447). The "reasonable" or "objective" standard applies to both prongs of the "frivolously filed inquiry" in addition to the "improper purpose inquiry." *Id.* at 1362, 1364. In any event, if a court determines that the filing of a complaint is not objectively baseless, then the court should not sanction the plaintiff under Rule 11 based on the filing of the complaint. *See Townsend,* 929 F.2d at 1362 (stating the "improper purpose inquiry" is subsumed by the "frivolousness inquiry" when the complaint is not objectively baseless).

■ Entirely absent from Plaintiff's instant motion is any factual or legal basis to imply that Defendants' affirmative defenses are (1) not legally tenable; (2) not well-grounded in fact or (3)made with improper purpose. Indeed, the Court has found all of Defendants' challenged affirmative defenses as sufficient to withstand a motion for judgment on the pleadings. Plaintiff's motion for sanction is, thus, DENIED.

### CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for judgment on the pleadings or, in the alternative, for summary judgment.

IT IS SO ORDERED.