**In re: Harrell E. ROBINSON, Debtor,**

**Harrell E. Robinson; Roy C. Dickson, Esq., Appellants,**

**v.**

**Cigna Employee Benefits Services, Inc.; Connecticut General Life Insurance Company; Equitable Assurance Society of the United States; United Healthcare Corporation Humana, Inc.; Aetna Life Insurance Company; Aetna U.S. Healthcare, Inc., Appellees.**

**No. 01–55868.**
**D.C. No. CV–00–11970–MLR.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2002.*

Decided June 7, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Dr. Harrell Robinson and his attorney, Roy Dickson, appeal an award of sanctions

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

for misconduct and bad faith in connection with the filing and prosecution of Robinson's 1999 bankruptcy petition. We affirm. Because the parties are familiar with the factual and procedural history, we do not recount it here.

## I

The bankruptcy court's factual findings are supported by the record and are not clearly erroneous. *See In re Levander,* 180 F.3d 1114, 1118 (9th Cir.1999). Robinson admitted that he filed the bankruptcy petition in an effort to save his home from foreclosure, and that he did not intend to make arrangements to satisfy Cigna's claims against him in the bankruptcy. Robinson had filed two previous personal bankruptcies, one of which was still pending at the time of his filing in this case, and Dickson was Robinson's attorney for each of those bankruptcy filings.

The court's finding that Robinson engaged in a pattern of bad faith conduct because he repeatedly failed to comply with bankruptcy disclosure and scheduling requirements also was not clearly erroneous. A review of the record supports the court's factual findings that Robinson failed to disclose his ownership of real property, incorrectly reported the value for his residential property, and failed to include Cigna as a creditor in its schedules.

Finally, the record supports the court's finding that Robinson and Dickson knowingly deceived the court and acted in bad faith in their efforts to have Robinson's bankruptcy petition dismissed. Robinson and Dickson, with the help of Robinson's landlord, filed sworn declarations, fabricated letters and court pleadings which claimed that Robinson's landlord would repossess his office property if he remained in bankruptcy. Robinson and Dickson knew that the landlord had no intention of repossessing Robinson's business, but asked him to write letters saying he would repossess if the bankruptcy was not dismissed.

## II

The district court correctly concluded that the bankruptcy court did not abuse its discretion in sanctioning Robinson and Dickson for their conduct under the court's inherent powers and Fed. R. Bankr.P. 9011. Robinson and Dickson knowingly submitted perjured declarations, fabricated evidence and frivolous pleadings in their attempts to convince the bankruptcy court to dismiss Robinson's petition, in violation of Fed R. Bankr.P. 9011. *Marsch v. Marsch (In re Marsch),* 36 F.3d 825, 829–30 (9th Cir.1994); *Valley Nat'l Bank v. Needler (In re Grantham Brothers),* 922 F.2d 1438, 1442 (9th Cir.1991).

Those actions, combined with the pattern of bad faith and misconduct documented by the court in its factual findings, also are sanctionable pursuant to the court's inherent powers under 11 U.S.C. § 105. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.),* 77 F.3d 278, 284 (9th Cir.1996).

AFFIRMED.